## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RUBÉN CASTILLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1810 | **DATE** | April 2, 2008 |
| **CASE TITLE** | U.S. ex rel. Michael Akins (#B-72571) vs. Austin Randolph | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion for leave to proceed *in forma pauperis* [#3] is granted. The respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date of this order.

■ [**For further details see text below.**]　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

### STATEMENT

Michael Akins, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his convictions for burglary and attempted burglary on the ground that the enhanced sentence imposed by the trial judge was unconstitutional. The petitioner contends that being sentenced in absentia denied him due process, that the sentence violated a plea agreement, and that the statutorily required pre-sentence investigation was not conducted.

The petitioner having demonstrated that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Although the petitioner has paid the statutory filing fee, his i.f.p. status may affect such future considerations as his eligibility for court-appointed counsel.

The petitioner indicates that he has exhausted state court remedies with respect to the claims raised in his federal habeas petition; furthermore, he appears to have filed his petition in a timely manner. Accordingly, the respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date this order is entered on the Clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an
**(CONTINUED)**

mjm

**STATEMENT (continued)**

exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.