IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. MICHAEL AKINS, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 08 C 1810 |
| AUSTIN RANDOLPH, Warden, Logan Correctional Center, | ) ) ) | The Honorable Ruben Castillo, Judge Presiding. |
| Respondent. | ) ) | |

## MOTION TO DISMISS

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2244(d)(1)(A), and this Court's order of February 22, 2008, respondent AUSTIN RANDOLPH, Warden of the Logan Correctional Center, moves this Court to dismiss the above-captioned Petition for Writ of Habeas Corpus, and states as follows:

1.      Petitioner Michael Akins, identified as prisoner No. B72571, is incarcerated at the Logan Correctional Center in Joliet, Illinois, where he is in the custody of respondent Austin Randolph, the warden of that facility.

2.      In December 1999, pursuant to a plea agreement in the Circuit Court of Cook County, petitioner was convicted of burglary and attempt burglary and was sentenced to thirty years' imprisonment. Exhibit A (Rule 23 Order, *People v. Akins*, Nos. 1-01-3336 & 1-01-3424, cons. (Ill.App. 2004)). The state appellate court

affirmed the judgment of conviction and sentence on September 5, 2003. *Id.* Petitioner filed a petition for leave to appeal (PLA) that the Illinois Supreme Court denied on January 28, 2004. Exhibit B (Order, *People v. Akins*, No. 97381 (Ill. 2004)).

3. On September 2, 2004, petitioner filed a petition for relief from judgment pursuant to 735 ILCS 5/2-1401 (Section 2-1401 petition) in the Circuit Court of Cook County. Exhibit C (Section 2-1401 petition, *People v. Akins*, Nos. 98 CR 17258-01 & 98 CR 17259-01 cons., Circuit Court of Cook County). The trial court dismissed the Section 2-1401 petition, and the appellate court affirmed on November 18, 2005. Exhibit D (Rule 23 Order, *People v. Akins*, 1-05-3936 (Ill.App. 2005)). Petitioner filed a PLA that was denied on March 9, 2007. Exhibit E (Order, *People v. Akins*, No. 104403 (Ill. 2007)). Petitioner then filed a petition for a writ of certiorari to the United States Supreme Court that was denied on November 5, 2007. Exhibit F (*Akins v. Illinois*, 128 S.Ct. 555 (2007)).

4. Petitioner filed the instant 28 U.S.C. § 2254 petition on March 28, 2008, the date on which it was received by the district court clerk. The petition was signed on March 18, 2008, but petitioner's affidavit states that it was placed in the mail "without prepayment of fees," and thus petitioner may not avail himself of the "mailbox rule." *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts; *see also Ingram v. Jones*, 507 F.3d 640, 644 (7th Cir. 2007) (requiring "strict compliance" with similarly-worded "mailbox rule" in Fed. R. App. P. 4(a)). Even if petitioner did comply with Habeas Rule 3(d) and may take

advantage of the mailbox rule, his petition was filed no earlier than March 18, 2008, which is more than a year after the start of the limitations period set forth in 28 U.S.C. § 2244(d).

5. The instant petition raises one claim — that petitioner's due process rights were violated by the trial court's sentencing him to thirty years' imprisonment in absentia without the benefit of a presentence investigation report. Pet. at 5.

6. On April 2, 2008, this Court ordered respondent to answer or otherwise plead to the above-captioned petition. (Doc. 5). That order, which is consistent with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, contemplates that respondent may file a motion to dismiss. (Doc. 5 at 1 ("This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present"); *see also* Advisory Committee Notes to Rule 5, 2004 Amendments (Rule 4 permits the filing of pre-answer motions to dismiss, and "reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion."). Accordingly, respondent files this motion.

7. Petitioner has exhausted his state court remedies because he properly presented this claim for a full round of review in state court. *See* Exhs. C-E; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

8. The following materials are being filed under separate cover as exhibits to this motion:

3

| | |
|---|---|
| Exhibit A: | Rule 23 Order, *People v. Akins*, Nos. 1-01-3336 & 1-01-3424, cons. (Ill.App. 2004); |
| Exhibit B: | Order, *People v. Akins*, No. 97381 (Ill. 2004); |
| Exhibit C: | Section 2-1401 petition, *People v. Akins*, Nos. 98 CR 17258-01 & 98 CR 17259-01, cons., Circuit Court of Cook County; |
| Exhibit D: | Rule 23 Order, *People v. Akins*, 1-05-3936 (Ill.App. 2005); |
| Exhibit E | Order, *People v. Akins*, No. 104403 (Ill. 2007); and |
| Exhibit F | *Akins v. Illinois*, 128 S.Ct. 555 (2007). |

### The Petition is Time-Barred

9.   The statute of limitations for habeas actions filed under § 2254 begins to run from the latest of the following: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time to seek review (§ 2244(d)(1)(A)); (2) the date on which the impediment to filing an application is removed, if the impediment is created by state action in violation of the Constitution or laws of the United States and the defendant was prevented from filing by that state action (§ 2244(d)(1)(B)); (3) the date on which the Constitutional right asserted by the petitioner was acknowledged by the Supreme Court and made retroactive to cases on collateral review (§ 2244(d)(1)(C)); or (4) the date on which the factual predicate for the claim or claims could have been discovered through due diligence (§ 2244(d)(1)(A)).  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).  Since neither petitioner nor the petition demonstrate that his time limit is governed by any of the events listed in sections 2244(d)(1)(B)-(D), the start of the limitations period is governed by section 2244(d)(1)(A).

10.     Under § 2244(d)(1)(A), petitioner's conviction became final on April 27, 2004, 90 days after the Illinois Supreme Court denied his PLA on direct appeal, when the time expired to seek review in the United States Supreme Court. *See Anderson v. Litscher*, 281 F.3d 672, 674 (7th Cir. 2002). A total of 128 days lapsed until petitioner filed a Section 2-1401 petition in the Circuit Court of Cook County on September 2, 2004. While no binding precedent holds that a Section 2-1401 petition tolls the limitations pursuant to § 2244(d)(2), respondent assumes for the purpose of this motion that the time between September 2, 2004, the date on which petitioner properly filed his Section 2-1401 petition, and March 9, 2007, the date on which the Illinois Supreme Court denied his Section 2-1401 PLA, was tolled.

11.     The tolling period for collateral review does not include the time during which a petitioner seeks review in the United States Supreme Court. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007). Thus, a total of 375 days lapsed between March 9, 2007, the date on which petitioner's Section 2-1401 proceedings were no longer "pending" in state court, and March 18, 2008, the earliest date that the petition could have been filed. *See* Pet. at 8. Adding the 128 days that ran on the limitations period before petitioner filed his postconviction petition to the 375 days that ran on the limitations period following the conclusion of petitioner's state postconviction proceedings, the petition was filed no less than 503 days after the limitations period began, and is thus untimely by at least 138 days. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

5

12.     Although the § 2244(d) limitations period may, in extraordinary circumstances, be subject to equitable tolling, *Williams v. Sims*, 390 F.3d 958, 959 (7th Cir. 2004), petitioner has not alleged, nor could he demonstrate, that equitable tolling is warranted.  Under the common law doctrine, equitable tolling is available only if the plaintiff has been pursuing his rights diligently and an external impediment has prevented a complaint from being timely filed.  *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"); *accord, e.g., Williams*, 390 F.3d at 960 (doctrine of equitable tolling is applicable to "situations in which, without fault by the defendant, the plaintiff is *unable* to sue within the statutory period.") (emphasis added).

13.     Petitioner has not demonstrated that he has been pursuing his rights diligently; he offers no excuse for his delay in filing a federal habeas petition after the conclusion of his Section 2-1401 proceedings.  Furthermore, petitioner has not identified any "extraordinary circumstances" that prevented him from timely filing a habeas petition.  The facts stated in petitioner's habeas claims do not suggest that petitioner was not afforded the opportunity to file a federal habeas petition within the limitations period.  Petitioner may argue that he believed that his certiorari petition would further toll the limitations period, and thus he is entitled to equitable tolling.  But this Court has rejected the same argument from a petitioner who did not have the benefit of *Lawrence* in calculating the limitations period.  *See*

*United States ex rel. Wages v. Hulick*, 508 F.Supp.2d 660, 662 (N.D. Ill. 2007) (rejecting petitioner's argument that he was entitled to equitable tolling and noting that "[t]he Seventh Circuit has held on numerous occasions that mistakes, ignorance of the law, or miscalculation of the statute of limitations do not warrant equitable tolling").

      14.    Even with the benefit of statutory tolling and the mailbox rule, petitioner's habeas petition was filed at least 138 days after the limitations period expired, as calculated under § 2244(d)(1)(A).  Petitioner is not entitled to equitable tolling because he has not set forth evidence that he diligently pursued his rights or than an extraordinary circumstance stood in the way of his filing a federal habeas petition.  Accordingly, this Court should dismiss the instant petition with prejudice.

## **Conclusion**

This Court should dismiss the instant petition with prejudice. If the Court determines that petitioner's habeas petition is not time-barred under AEDPA, respondent respectfully requests 30 days from the Court's order denying this motion to address the merits and/or the procedural defaults of petitioner's claims in a subsequent submission.

April 17, 2008				Respectfully submitted,

						LISA MADIGAN
						Attorney General of Illinois

				By:	s/Eric W. Truett
						ERIC W. TRUETT, Bar # 6291213
						Assistant Attorney General
						100 W. Randolph Street, 12th Floor
						Chicago, Illinois 60601-3218
						PHONE: (312) 814-4684
						FAX: (312) 814-2253
						E-MAIL: etruett@atg.state.il.us

CERTIFICATE OF SERVICE

I hereby certify than on April 17, 2008, I electronically filed respondent's **MOTION TO DISMISS** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system; and I hereby certify that on the same date, I mailed by United States Postal Service the above-referenced motion to the following non-registered party:

Michael Akins, B72571
1096 1350th Street
P.O. Box 1000
Lincoln, Il 62656

                              Respectfully submitted,

                              LISA MADIGAN
                              Attorney General of Illinois

By:   s/Eric W. Truett
       ERIC W. TRUETT, Bar # 6291213
       Assistant Attorney General
       100 W. Randolph Street, 12th Floor
       Chicago, Illinois 60601-3218
       PHONE: (312) 814-4684
       FAX: (312) 814-2253
       E-MAIL: etruett@atg.state.il.us