CH

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. MICHAEL AKINS, | ) ) ) | **FILED** |
| Petitioner, | ) ) | APR 17 2008 TC |
| v. | ) ) | No. 08 C 1810 |
| AUSTIN RANDOLPH, Warden, Logan Correctional Center, | ) ) ) | The Honorable Ruben Castillo, Judge Presiding. |
| Respondent. | ) | |

APR 17 2008
Apr 17 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## TO THE CLERK OF THE UNITED STATES DISTRICT COURT

Pursuant to Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the attached Exhibits to respondent's Motion to Dismiss to the above-captioned Petition for Writ of Habeas Corpus are hereby filed with this Court:

Exhibit A:    Rule 23 Order, *People v. Akins*, Nos. 1-01-3336 & 1-01-3424, cons. (Ill.App. 2004);

Exhibit B:    Order, *People v. Akins*, No. 97381 (Ill. 2004);

Exhibit C:    Section 2-1401 petition, *People v. Akins*, Nos. 98 CR 17258-01 & 98 CR 17259-01, cons., Circuit Court of Cook County;

Exhibit D:    Rule 23 Order, *People v. Akins*, 1-05-3936 (Ill.App. 2005);

Exhibit E     Order, *People v. Akins*, No. 104403 (Ill. 2007); and

Exhibit F     *Akins v. Illinois*, 128 S.Ct. 555 (2007).

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By: _____

ERIC W. TRUETT, Bar # 6291213
Assistant Attorney General
100 W. Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
PHONE: (312) 814-4684
FAX: (312) 814-2253
E-MAIL: etruett@atg.state.il.us

April 17, 2008

**NOTICE**

The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

SIXTH DIVISION
September 5, 2003

Nos. 1-01-3336 & 1-01-3424 (cons.)

---

IN THE APPELLATE
COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

---

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | Nos. 98 CR 17258 |
| | ) | 98 CR 17259 |
| | ) | |
| MICHAEL AKINS, | ) | The Honorable |
| | ) | Thomas M. Davy, |
| Defendant-Appellant. | ) | Judge Presiding. |

## ORDER

Following the entry of guilty pleas, defendant Michael Akins (defendant) was convicted of burglary and attempted burglary. Pursuant to the plea agreement, he was sentenced to 6 years in prison for the burglary and 3½ years in prison for the attempted burglary, with these sentences to run consecutively. Upon his failure to appear on the date designated by the trial court to begin serving these sentences, the court vacated the original sentences and resentenced defendant *in absentia* to consecutive terms of 30 years for the burglary and 5 years for the attempted burglary. Defendant appeals, contending that the trial court was prohibited from increasing his sentences after they had already been imposed, that his 30-year sentence for burglary is excessive in light of the nature of the offense and legislative determinations with respect to punishment, and that he

EXHIBIT A

Nos. 1-01-3336 & 1-01-3424 (cons.)

was denied a right to adequate legal counsel when his attorney failed to file a proper Illinois

Supreme Court Rule 604(d) certificate (Rule 604(d)) (see 188 Ill. 2d R. 604(d)) with respect to

his guilty pleas. Defendant asks that we reduce his sentences to their original durations as

dictated in the plea agreement, or alternatively, that we remand this cause for resentencing. He

also asks that we remand this cause for a new post-plea proceeding in compliance with Rule

604(d). For the following reasons, we affirm.

## BACKGROUND

Defendant initially was charged by two separate indictments with burglary of an

automobile and burglary of a garage. These charges were consolidated. On October 27, 1999, a

plea conference was held in the trial court. One of the charges against defendant was amended to

attempted burglary, whereupon an agreement was reached that defendant would plead guilty to

both charges in exchange for a 6-year prison sentence for burglary and a 3½ -year prison sentence

for attempted burglary. At the same time, defendant asked the trial court for a stay of the

mittimus. Before defendant entered his pleas, the trial court admonished him about the details and

effects of the agreement, including that he would receive consecutive sentences of 6 and 3½ years

in prison. With respect to a stay of the mittimus, the following exchange took place:

> "THE COURT: I would agree to that, but understanding, Mr. Akins [defendant],
>
> that if you fail to appear on the day you are supposed to [begin serving your
>
> sentences], I will vacate these sentences and I will sentence you *in absentia*, if
>
> necessary, to the maximum sentence, which [based on your prior criminal history]

2

Nos. 1-01-3336 & 1-01-3424 (cons.)

> can be thirty years,[1] and five years consecutive, and you have had a chance to
>
> speak to your lawyer, and he has explained to you what will take place when you
>
> enter this plea of guilty?
>
> [DEFENDANT]: Yes, sir.
>
> THE COURT: Do you have any questions at this time?
>
> [DEFENDANT]: No, sir.
>
> THE COURT: [Defense counsel], you had an opportunity to speak to your client,
>
> and you feel he understands the ramifications of his pleas of guilty at this time?
>
> [DEFENSE COUNSEL]: Yes, your Honor. ***
>
> THE COURT: At this time I find the Defendant, Michael Akins, knows and
>
> understands his rights, knows and understands the possible penalties."

Defendant then entered his pleas of guilty on both counts. The trial court accordingly sentenced him to a total of 9½ years in prison and stayed the mittimus until November 29, 1999, whereupon defendant was required to appear in court.

On November 29, 1999, defendant failed to appear before the trial court to begin serving his sentences. Defense counsel told the court that he had contacted defendant's family, and neither they nor he knew defendant's whereabouts. The trial court vacated defendant's original

---

[1]Although burglary is a Class 2 felony, the court found and the parties agree that, due to defendant's prior criminal history, he was eligible for sentencing as a Class X offender with a possible range of 6 to 30 years' imprisonment. See 720 ILCS 5/19-1 (West 1998); 730 ILCS 5/5-3(c)(8) (West 1998).

Nos. 1-01-3336 & 1-01-3424 (cons.)

sentences as per the plea agreement, and reserved resentencing *in absentia* until December 10, 1999. On that date, defendant again failed to appear before the trial court. The court imposed the maximum 30-year sentence for burglary and an extended 10-year sentence for the attempted burglary, based on defendant's past criminal history and willful failure to surrender.

On August 18, 2000, defendant appeared before the trial court, after he had been arrested in another state. The court again stayed the mittimus and allowed defendant to present a motion to vacate his sentences and withdraw his guilty pleas. The court also ordered psychiatric evaluations to determine whether defendant had understood the original plea agreement. After a hearing on these motions, the trial court reduced the extended sentence it had imposed for the attempted burglary from 10 years to 5 years in prison, the term the court had warned defendant he would receive for that crime if he failed to appear. The court then acknowledged that it had admonished defendant of the consequences of a failure to appear before he entered his pleas, that defendant knew these consequences, and that defendant was willfully absent on the day he was required to begin his sentences. The court therefore denied his motions, but again stayed the mittimus and continued the cause to July 2, 2001.

On that date, the court again heard argument on defendant's motion to withdraw his pleas and reconsider his sentences. The court held a hearing, whereupon it was noted that defense counsel had not yet filed a Rule 604(d) certificate. The court continued the matter again and granted leave to defense counsel to amend the pending motion. On August 22, 2001, defense counsel filed the amended motion and a Rule 604(d) certificate, which stated:

4

Nos. 1-01-3336 & 1-01-3424 (cons.)

> "Now comes [defense counsel], as Attorney of Record, and pursuant to Supreme
>
> Court Rule 604, and hereby filed his Certification asserting that the Defendant's
>
> Motion to Withdraw his plea of guilty was discussed with the defendant in this
>
> cause."

The court then conducted a hearing on the amended motion to withdraw his guilty pleas and

reconsider his sentence. The court noted that the psychiatric evaluations ordered revealed that

defendant had been fit to stand trial, and thus, there was no reason to believe that he did not

understand either the plea agreement or the sentences he received. The court denied his motion.

ANALYSIS

Defendant presents three issues for our review. We address each in turn.

A. Increased Sentence

Defendant's first contention on appeal is that the trial court had no authority to resentence

him from his 6-year and 3½-year prison terms as specified in the plea agreement to 30 years and 5

years. Defendant argues that, pursuant to section 5-8-1(c) of the Unified Code of Corrections

(730 ILCS 5/5-8-1(c) (West 2000)) (Code), a trial court may reduce a sentence but cannot

increase a sentence once it has been imposed. Based on the circumstances of this cause, we

disagree with defendant's argument.

It is well-established that plea bargains are contracts between the State and a defendant.

See In re Detention of Lindsay, 333 Ill. App. 3d 474, 478 (2002); People v. Wolfe, 156 Ill. App.

3d 1023, 1027 (1987). Accordingly, the rights of the defendant are limited to what the parties

agree to in the plea bargain and the terms of that agreement control. See Lindsay, 333 Ill. App.

5

Nos. 1-01-3336 & 1-01-3424 (cons.)

3d at 478, 480. Once the defendant has been fully apprised of the conditions and consequences of

his plea agreement and indicates that he understands its terms prior to entering his plea, he must

fulfill all those terms in order for the agreement to be operative. See People v. Hayes, 159 Ill.

App. 3d 1048, 1053-54 (1987).

     In the instant case, the record is clear that the trial court reviewed with defendant the

terms of the negotiated plea agreement. In exchange for reducing one of the burglary charges to

attempted burglary, defendant agreed to plead guilty and serve consecutive sentences of 6 years

and 3½ years in prison. Prior to accepting the plea agreement, defendant asked the court to stay

the mittimus. The court agreed, but made the plea agreement conditional upon defendant's

appearance in court on November 29, 1999, to begin serving the sentences. Before he entered his

pleas, the court explicitly addressed defendant, stating:

> "I would agree to that but understanding, Mr. Akins [defendant], that if you fail to
>
> appear on the day you are supposed to, I will vacate these sentences and I will
>
> sentence you *in absentia*, if necessary, to the maximum sentence, which can be
>
> thirty years, and five years consecutive."

The court then verified with defendant that he understood the ramifications of his pleas and the

stay he requested:

> "THE COURT: [Y]ou have had a chance to speak to your lawyer, and he has
>
> explained to you what will take place when you enter this plea of guilty?
>
> [DEFENDANT]: Yes, sir.
>
> THE COURT: Do you have any questions at this time?

6

Nos. 1-01-3336 & 1-01-3424 (cons.)

       [DEFENDANT]: No, sir."

The court further conferred with defense counsel:

> "THE COURT: [Y]ou feel he understands the ramifications of his pleas of guilty at
>
> this time?
>
> [DEFENSE COUNSEL]: Yes, your Honor."

It was only at this point that the court accepted and entered defendant's pleas:

> "At this time I find the Defendant, Michael Akins, knows and understands his
>
> rights, knows and understands the possible penalties. I find he's entering this plea
>
> knowingly and voluntarily *** As to both of the charges I will therefore accept the
>
> pleas and I will enter judgments on the finding."

      Thus, it is clear that defendant knew of the consequences of failing to appear for

sentencing on November 29, 1999, as part of his plea agreement. In open court, he was advised

and admonished before he entered his pleas that his absence could result in enlarged sentences,

namely, 30 years and 5 years in prison. The agreement in its final form included the condition that

he appear in court to begin serving his sentences, and defendant acknowledged that he understood

the ramifications of the agreement. Defendant, however, did not appear in court on November

29, 1999, when required. In fact, he did not come before the court until almost nine months later,

after he had been arrested in another state. By his absence, defendant failed to fulfill an important

part of his plea agreement. Accordingly, we find that, contrary to defendant's contention on

appeal, the court was not prohibited from resentencing him to the enlarged terms as dictated in

the plea agreement of which he was fully aware.

Nos. 1-01-3336 & 1-01-3424 (cons.)

The instant case is directly on point with People v. Hayes and merits the same result. In Hayes, the defendant was convicted of two counts of attempted murder. He agreed to enter guilty pleas on both counts in exchange for a six-year prison term, and asked the court to stay the mittimus for two days. The court agreed, but conditioned the stay on the defendant's return to court to begin serving his sentence in two days. Before accepting the defendant's plea, the court admonished him by stating that the "possible consequence" of his absence could be that he would "be sentenced to something in excess of what has been agreed to." Hayes, 159 Ill. App. 3d at 1050. The court asked the defendant if he understood this condition. The defendant stated that he understood, whereupon the court accepted and entered the guilty plea.

Two days later, the defendant failed to appear to begin serving his sentence. The court sentenced him *in absentia* to 12 years in prison. On appeal, the reviewing court affirmed the enlarged sentence. The Hayes court held that the stiffer sentence based on the defendant's failure to appear had become "an integral part of the plea agreement," was clearly communicated to and understood by the defendant, compensated for the defendant's benefit of two days' freedom, and came about by agreement of the parties and not by the vindictiveness of the court. Hayes, 159 Ill. App. 3d at 1054. Because the defendant had been specifically informed prior to entering his plea that he would have to appear for sentencing if the plea agreement was to be honored, and because the defendant agreed to this, his absence violated a condition of the agreement and an increased sentence was proper. Compare Hayes, 159 Ill. App. 3d at 1054, with People v. Rossman, 309 Ill. App. 3d 662, 669-70 (2000) (holding that appearance for sentencing was not condition of plea agreement because, unlike in Hayes, trial court did not admonish the defendant of this condition

8

Nos. 1-01-3336 & 1-01-3424 (cons.)

until *after* plea had been entered), and People v. Lozada, 323 Ill. App. 1015, 1019 (2001) (plea

accepted *prior to* court's admonition that return for sentencing is required does not make return a

condition to plea agreement); see also People v. Culp, 127 Ill. App. 3d 916, 926 (1984) (for

condition to become part of plea agreement, court must, before accepting plea, admonish the

defendant of it and clarify that he understands it).

Defendant relies heavily on the statutory language of section 5-8-1(c) and the cases of

People v. Blanck, 286 Ill. App. 3d 583 (1997), People v. Moore, 177 Ill. 2d 421 (1997), People v.

Jones, 168 Ill. 2d 367 (1995), and People v. Kilpatrick in support of his claim of error.  His

reliance on these, however, is misplaced under the present circumstances.  Blanck and Moore are

inapposite to the instant case because they did not involve plea bargains or sentencing agreements.

See Blanck, 286 Ill. App. 3d at 583 (the defendant was convicted following a jury trial and

sentenced by the court); Moore, 177 Ill. 2d at 425 (the defendant was resentenced not by trial

court, but rather, on remand by appellate court).  With respect to Kilpatrick and Jones, defendant

is correct in noting that those cases involved plea agreements, and that the reviewing courts

reversed the trial courts' increase in sentences that had already been imposed pursuant to section

5-8-1(c) of the Code, which states:

> "the [trial] court may not increase a sentence once it is imposed." 730 ILCS 5-8-
>
> 1(c) (West 2000).

However, Kilpatrick and Jones are distinguishable from the instant case because the plea

agreements therein did not contain any conditions which the defendants had to fulfill in order for

the agreements to be binding.  Rather, both Kilpatrick and Jones involved defendants who were

9

Nos. 1-01-3336 & 1-01-3424 (cons.)

improperly resentenced upon reconsideration by the trial courts under the rules of consecutive

sentencing. See Kilpatrick, 167 Ill. 2d at 442; Jones, 168 Ill. 2d at 371-72.  Contrary to

defendant's contention, neither Kilpatrick and Jones nor section 5-8-1(c) stand for the proposition

that a sentence cannot be increased pursuant to a defendant's violation of a condition he agreed to

as part of a plea agreement.  In fact, the Kilpatrick court specifically recognized the case of North

Carolina v. Pearce, 395 U.S. 711, 726, 23 L. Ed. 2d 656, 670, 89 S. Ct. 2072, 2081 (1969), in

which the United States Supreme Court "concluded that an increased sentence is proper where

the defendant has engaged in additional conduct since the date of his original sentence that

warrants an enhanced penalty," as long as the reasons for the stiffer sentence appear in the record.

Kilpatrick, 167 Ill. 2d at 443.

Therefore, because defendant here was admonished before he entered his pleas that his

absence in court would result in increased sentences of 30 years and 5 years in prison, and

because it is clear from the record that defendant understood and agreed to this condition as part

of his plea agreement, we find that the trial court was not prohibited from resentencing him to

these increased terms upon his violation of this condition.

B. Propriety of Defendant's 30-Year Sentence

Defendant's second contention on appeal is that his 30-year sentence for burglary is

excessive because it is manifestly disproportionate to the nature of the offense and inconsistent

with legislative determinations of the "proper" penalty for the offense.[2]  Defendant claims that the

---

[2]We note here for the record that defendant does not challenge his 5-year sentence for the

Nos. 1-01-3336 & 1-01-3424 (cons.)

non-violent nature of the burglary, as well as a comparison to the crimes of other defendants and the sentences they received, requires us to reduce his sentence or remand for resentencing. We disagree.

The trial court has broad discretionary powers to determine a defendant's sentence. See People v. Fern, 189 Ill. 2d 48, 53 (1999). Its decision merits great deference because the trial judge is in the best position to make a reasoned judgment, weighing factors such as his direct observations of the defendant and his character. See Fern, 189 Ill. 2d at 53; accord People v. McDonald, 227 Ill. App. 3d 92, 100 (1992). A reviewing court must not substitute its judgment with respect to sentencing for that of the trial court merely because it would have weighed factors differently or desires to invoke clemency. See Fern, 189 Ill. 2d at 53 (reviewing court "must proceed with great caution" in deciding whether to modify sentence); Hayes, 159 Ill. App. 3d at 1052; accord People v. Coleman, 166 Ill. 2d 247, 258 (1995) (trial court's decision with respect to sentencing "is entitled to great deference"). Therefore, a sentence imposed by the trial court will not be altered absent an abuse of discretion. See People v. Lindsay, 263 Ill. App. 3d 523, 533 (1994); accord McDonald, 227 Ill. App. 3d at 100.

In determining an appropriate sentence for a defendant, the sentencing court must weigh both aggravating and mitigating factors. See 730 ILCS 5/5-5-3.1, 3.2 (West 2000). When such factors have been presented to the court, it is presumed that they have been considered, absent

--------

attempted burglary, nor does he challenged the propriety of the trial court's decision to sentence him as a Class X offender for the burglary. Instead, defendant only challenges the court's imposition of the maximum sentence of 30 years in prison rather than a lesser amount within the 6 to 30-year range of a Class X conviction.

11

Nos. 1-01-3336 & 1-01-3424 (cons.)

some contrary indication. See <u>People v. Sutherland,</u> 317 Ill. App. 3d 1117, 1132 (2000).

Moreover, a sentence within the prescribed statutory range is presumed to be appropriate and will

not be deemed excessive unless the defendant affirmatively shows that his sentence varies greatly

from the purpose and spirit of the law or is manifestly disproportionate to the nature of the

offense. See <u>Fern,</u> 189 Ill. 2d at 54; accord <u>Coleman,</u> 166 Ill. 2d at 258; <u>People v. Chambers,</u> 258

Ill. App. 3d 73, 92 (1994).

In the instant case, defendant was found eligible to be sentenced as a Class X offender

based on his prior criminal background which, as the trial court noted, included previous

convictions for violent and non-violent offenses such as possession of a stolen motor vehicle,

aggravated battery, and robbery. As a Class X offender, defendant could have been sentenced to

a range of 6 to 30 years in prison. See 730 ILCS 5/5-5-3(c)(8) (West 2000). Ultimately, he was

sentenced to 30 years in prison. Because this sentence is clearly within the statutorily prescribed

range, we find that it is presumptively valid. See <u>Fern,</u> 189 Ill. 2d at 54.

Defendant argues that, after considering all the factors involved in his cause, the trial court

originally found that 6 years in prison appropriately "reflected the seriousness of the crime," and

that, accordingly, an increase to 30 years in prison was an abuse of discretion. This argument is

not correct in light of the record. While admonishing defendant, the trial court clearly stated that

defendant was eligible for a 30-year prison term, but decided instead to impose only a 6-year term

*pursuant to* the plea agreement. The court did not, as defendant contends, impose the lesser

sentence because it "reflected the seriousness of the crime." Rather, considering all the

aggravating and mitigating factors, the court did so because an agreement to serve a lesser term

12

Nos. 1-01-3336 & 1-01-3424 (cons.)

had been reached by the parties. Once defendant failed to honor the agreement, the maximum

possible sentence was imposed, of which defendant had been fully forewarned.

Defendant further argues, however, that, compared to sentences imposed on other

defendants for "more serious" crimes, his 30-year sentence for this non-violent burglary was

excessive and he should have been punished instead by other means, such as being charged with

contempt or a bail bond violation. Defendant's argument in this respect is misplaced. Our

supreme court has made clear that cross-case comparisons of sentences are not acceptable, since

no two cases are ever the same. See Fern, 189 Ill. 2d at 56-58 ("[t]he fact that a lesser sentence

was imposed in another case has no bearing on whether the sentence in the case at hand is

excessive *on the facts of that case*" (emphasis in original)). Thus, we will not perform such a

comparison here. See People v. Lintz, 245 Ill. App. 3d 658, 669 (1993), citing People v.

Saldivar, 113 Ill. 2d 256, 268-69 (1986) (a defendant's sentence will not be compared to those

imposed in other cases because the proper penalty must be based on particular circumstances of

the individual case).

Therefore, because we find that defendant's 30-year sentence was within the statutory

range and was neither excessive nor disproportionate in light of the circumstances of this cause,

we will not disturb it on appeal.

### C. Rule 604(d) Certificate

Defendant's final contention on appeal is that he was denied his right to adequate legal

representation when his counsel failed to follow the mandatory certificate requirements governing

a guilty plea, pursuant to Rule 604(d). Specifically, defendant contends that his counsel failed to

13

Nos. 1-01-3336 & 1-01-3424 (cons.)

aver that he reviewed the report of the proceedings of defendant's guilty pleas and made any
amendments necessary for adequate presentation of any defects in those proceedings. Defendant
argues that, because the purported Rule 604(d) certificate as filed by defense counsel was not in
strict compliance with the mandates of the rule, we must remand his cause for new post-plea
proceedings. Based on the record before us, we disagree.

Rule 604(d) sets forth defense counsel's duties with respect to preparing and presenting a
motion to withdraw a guilty plea. It states, in pertinent part:

> "The defendant's attorney shall file with the trial court a certificate stating that the
> attorney has consulted with the defendant either by mail or in person to ascertain
> his contentions of error in the sentence or the entry of the plea of guilty, has
> examined the trial court file and report of proceedings of the plea of guilty, and has
> made any amendments to the motion necessary for adequate presentation of any
> defects in those proceedings." 188 Ill. 2d R. 604(d).

As defendant here notes, our supreme court requires strict compliance with the certificate
requirements of Rule 604(d). See People v. Janes, 158 Ill. 2d 27, 32 (1994); accord People v.
Wilson, 295 Ill. App. 3d 228, 238 (1998). The remedy for defense counsel's failure to so comply
is remand to the trial court for the filing of a new motion to withdraw the guilty plea or to
reconsider the sentence and a hearing on that motion. See Janes, 158 Ill. 2d at 33; see also People
v. Wyatt, 305 Ill. App. 3d 291, 296 (1999).

In the instant case, the Rule 604(d) certificate filed by defense counsel stated:

14

Nos. 1-01-3336 & 1-01-3424 (cons.)

> "Now comes [defense counsel], as Attorney of Record, and pursuant to Supreme
>
> Court Rule 604, and hereby files his Certification asserting that the Defendant's
>
> Motion to Withdraw his plea of guilty was discussed with the defendant in this
>
> cause."

Defendant cites the case of People v. Willis, 313 Ill. App. 3d 553 (2000), and asserts that because

defense counsel did not indicate in the certificate that he also examined the record of the

proceedings or made any amendments, the certificate is void and his rights under Rule 604(d)

were violated.

We note that this issue could have easily been avoided in its entirety had counsel drafted

the certificate according to the language used in Rule 604(d). See Wilson, 295 Ill. App. 3d at 239

("we urge all attorneys to be meticulous in drafting such certificates"). However, defendant's

argument on this point, as well as his reliance on Willis, ignores the fact that a review of the

record may be conducted when a certificate is "defective" to determine if counsel indeed fulfilled

his duties in preparing and presenting the motion to withdraw a guilty plea in compliance with the

rule. Several courts, including that in Willis, have so held. See Willis, 313 Ill. App. 3d at 558 (in

reviewing adequacy of certificate, reviewing court looked to see if record could "cure the

defect"); Wilson, 295 Ill. App. 3d at 239 (although certificate did not specifically mention that

counsel examined the report of the proceedings, record established that he did and thus, he

fulfilled his Rule 604(d) duties); People v. Dickerson, 212 Ill. App. 3d 168, 170 (1991) (reviewing

court looked to record to determine if counsel took all actions required by this rule); see also

15

Nos. 1-01-3336 & 1-01-3424 (cons.)

Wyatt, 305 Ill. App. 3d at 297 (function of certificate is to aid trial court, when examining record as a whole, in deciding whether counsel performed his duties).

Based on our review of the common law record and the transcripts of this cause before us, we conclude that, although the filed certificate did not employ the language of the rule, defense counsel did in fact examine the trial court file and report of the proceedings and made amendments to the motion to withdraw necessary for adequate presentation of any defect in those proceedings, in accordance with Rule 604(d). With respect to amendments, we note that, from our review of the common law record, counsel filed no less than three motions calling for the withdrawal of defendant's guilty pleas and a new sentencing hearing. The first asserted that defendant's sentence was incorrectly imposed because his absence at sentencing was not his fault. This motion was amended to include a claim that defendant did not understand the nature of the sentencing proceedings and had not made anyone aware of "facts pertinent to [his] psychiatric history" which would have affected his participation in the plea agreement. Defense counsel then amended the motion again to present defendant's newest claims that the plea agreement was not adhered to, that his sentence was unclear, and that the court failed to grant him credit for his time in custody in relation to the agreement. Thus, we find that the record sufficiently demonstrates that defense counsel made "amendments to the motion necessary for adequate presentation of any defects in [the] proceedings," as required under Rule 604(d).

Moreover, with respect to defendant's claim that the certificate as filed clearly shows that defense counsel did not "examine the trial court file and report of the proceedings of the plea of guilty" (188 Ill. 2d R. 604(d)), we note that the record presented for our review indicates

16

Nos. 1-01-3336 & 1-01-3424 (cons.)

otherwise.  In the several filed motions to withdraw the guilty pleas and reconsider the sentences presented to the trial court, defense counsel reiterated both the procedural history of this case and what occurred at the proceedings which resulted in defendant's pleas.  Also, the transcripts of the hearings in open court reveal that defense counsel thoroughly reviewed the court file and report of the proceedings.  At both the July 2 and August 22, 2001, hearings on the motion to withdraw the guilty pleas, counsel discussed with the trial court at length the events of this cause: defendant's convictions, the plea agreement, defendant's failure to appear, the modified sentence, and each motion filed on defendant's behalf (and the reasons therefor) with respect to his sentences.  Clearly, defense counsel could not have done this unless he had examined the report of the proceedings with respect to the guilty pleas.

Therefore, based on our review of the record in this particular cause, we find that, despite defendant's contentions, defense counsel fully performed his duties under Rule 604(d).  See Wilson, 295 Ill. App. 3d at 238-39 (reviewing court concluded that record cured defect in certificate because it demonstrated that counsel had, in fact, fulfilled the requirements of Rule 604(d)).

## CONCLUSION

Accordingly, for the foregoing reasons, we affirm the holding of the trial court.

Affirmed.

SMITH, J., with FROSSARD, P.J., and GALLAGHER, J., concurring.

17

Westlaw.

807 N.E.2d 976 (Table)                                                          Page 1
207 Ill.2d 607, 807 N.E.2d 976 (Table), 283 Ill.Dec. 135
**(Cite as: 207 Ill.2d 607, 807 N.E.2d 976 (Table))**

**H**
People v. Akins
Ill. 2004.
(The decision of the Court is referenced in the
North Eastern Reporter in a table captioned
"Supreme Court of Illinois Dispositions of Petitions
for Leave to Appeal".)
           Supreme Court of Illinois
                    People
                      v.
              **Michael Akins**
                 **NO. 97381**

          JANUARY TERM, 2004
            January 28, 2004

Lower Court: Nos. 1-01-3336, 1-01-3424

Disposition: Denied.

Ill. 2004.
People v. Akins
207 Ill.2d 607, 807 N.E.2d 976 (Table), 283
Ill.Dec. 135

END OF DOCUMENT

EXHIBIT B

No.

## IN THE

## SUPREME COURT OF ILLINOIS

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,** | ) | Petition for Leave to Appeal from the |
| | ) | Appellate Court of Illinois, First |
| Respondent-Appellee, | ) | District, No. 05-3936 |
| | ) | |
| | ) | There heard on Appeal from the |
| -vs- | ) | Circuit Court of Cook County, |
| | ) | Illinois, |
| | ) | No. 98 CR 17258 (01) & 98 CR |
| **MICHAEL AKINS,** | ) | 17259. |
| | ) | |
| Petitioner-Appellant. | ) | Honorable |
| | ) | Thomas M. Davy, |
| | | Judge Presiding. |

## PETITION FOR LEAVE TO APPEAL

MICHAEL J. PELLETIER
Deputy Defender

CAROLYN R. KLARQUIST
Assistant Appellate Defender
Office of the State Appellate Defender
203 North LaSalle Street - 24th Floor
Chicago, Illinois 60601
(312) 814-5472

COUNSEL FOR PETITIONER-APPELLANT

EXHIBIT C

No.

IN THE

SUPREME COURT OF ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Petition for Leave to Appeal from the |
| | ) | Appellate Court of Illinois, First District, |
| Respondent-Appellee, | ) | No. 05-3936 |
| | ) | |
| | ) | There heard on Appeal from the Circuit |
| -vs- | ) | Court of Cook County, Illinois, |
| | ) | No. 98 CR 17258 (01) & 98 CR 17259. |
| | ) | |
| MICHAEL AKINS, | ) | Honorable |
| | ) | Thomas M. Davy, |
| Petitioner-Appellant. | ) | Judge Presiding. |

## PETITION FOR LEAVE TO APPEAL

## PRAYER FOR LEAVE TO APPEAL

Michael Akins, petitioner-appellant, hereby petitions this Court for leave to appeal, pursuant to Supreme Court Rules 315 and 612, from the judgment of the Appellate Court, First District, affirming his conviction for attempt burglary and burglary and sentences of five and 30 years, respectively.

## PROCEEDINGS BELOW

The Appellate Court affirmed Michael Akins' convictions and sentences on March 9, 2007. *People v. Akins*, No. 1-05-3936, Rule 23 (1st Dist. 2007). No petition for rehearing was filed. A copy of the Appellate Court's judgment is appended to this petition.

## COMPELLING REASONS FOR GRANTING REVIEW

This Court should grant review of this case to clarify whether a sentence imposed without the benefit of a presentence investigation report, required for all felony sentences by 730 ILCS 5/5-3-1, other than those imposed pursuant to a negotiated guilty plea, is a void sentence. This Court has already held the relevant statute, 730 ILCS 5/5-3-1, "sets forth a mandatory, reasonable legislative requirement which, not being a personal right of the defendant, cannot be waived." *People v. Youngbey*, 82 Ill. 2d 556, 565 (1980). Since *Youngbey*, the Appellate Courts have routinely vacated sentences imposed without the benefit of a presentence investigation report and remanded those cases back for resentencing. *See, e.g., People v. Childress*, 306 Ill. App. 3d 755, 757 (4th Dist. 1999); *People v. Andrus*, 210 Ill. App. 3d 878, 882 (5th Dist. 1991); *People v. Johnson*, 97 Ill. App. 3d 976, 979 (1st Dist. 1981). This includes those cases in which a defendant is sentenced *in absentia. See People v. Lynch*, 122 Ill. App. 3d 121 (1st Dist. 1984).

Nevertheless, in the instant case, the Appellate Court held that a sentence imposed without a presentence investigation report is not void, and therefore cannot be corrected on collateral review. A void sentence is one in which the court has exceeded its statutory authority in sentencing the defendant. *People v. Arna,* 168 Ill. 2d 107, 113 (1995); 730 ILCS 5/5-3-1; *see also People v. Thompson*, 209 Ill.2d 19 (2004) (where this Court found that a sentence not authorized by statue is void, not subject to waiver, and could therefore be corrected on post-conviction appeal). When a trial court sentences a defendant without a presentence investigation report, the court exceeds its statutory authority under 730 ILCS 5/5-3-1. Accordingly, this Court should clarify that any such sentences are void and can be corrected on collateral review.

## STATEMENT OF FACTS

Michael Akins was arrested for burglary on April 28, 1998 and posted bond on

May 1, 1998, and then was arrested for attempt burglary on June 11, 1998 and posted

bond on August 6, 1998. (CL. Supp. II). On October 27, 1999, he and the State entered

into a plea agreement in which he would be sentenced to consecutive terms of six years'

imprisonment for burglary (98 CR 17258) and three and a half years' imprisonment for

attempt burglary (98 CR 17259). (R. Supp. 7-17). During the plea proceedings, the

following colloquy took place:

Trial Court:    Additionally, your lawyer has requested a stay of mittimus

before you begin serving your sentence, and I informed him

I would agree to that, but understanding, Mr. Akins, that if

you fail to appear on the day you are supposed to, I will

vacate these sentences and I will sentence you in absentia,

if necessary, to the maximum sentence, which can be thirty

years, and five years consecutive, and you have had a

chance to speak to your lawyer, and he has explained to you

what will take place when you enter this plea of guilty?

Akins:    Yes, Sir.

(R. Supp. 12).

Akins signed a pre-sentence investigation report waiver and was sentenced by the court

in accordance with the plea agreement. (R. Supp. 13-14). The trial court then stayed the

mittimus and a motion to vacate the sentence until November 29, 1999. (R. Supp. 15).

When Akins did not appear on November 29, 1999, the court issued a bond

forfeiture warrant and vacated the sentences that had been imposed. (R. 30-33). The

-4-

court then continued the case until December 10, 1999. (R. 30-33). On December 10,

1999, the trial court sentenced Akins *in absentia* to 30-years' imprisonment for the

burglary conviction and 10 years' imprisonment for the attempt burglary conviction to be

served consecutively. (R. 38-39). Akins surrendered to authorities in Memphis,

Tennessee on August 4, 2000. (C. Supp. I, 2A; R. 44). He was subsequently extradited

and transferred to the Cook County Jail on August 17, 2000. (C. Supp. I, 2A; R. 44).

On May 2, 2001, the trial court reduced the attempt burglary sentence to five

years' imprisonment as this was the sentence it previously said would be imposed. (R.

80). Akins' motion to withdraw guilty plea and motion to reconsider sentence were

subsequently denied on August 22, 2001. (R. 127). His mittimus reflects a sentence

credit of 258 days. (PC. C. 184).

Akins argued on direct appeal that: 1) the trial court had no authority to increase

his sentences, 2) his 30-year sentence for burglary was excessive, and 3) he was denied

his right to adequate legal counsel when his attorney failed to file a Rule 604(d)

certificate. *People v. Akins*, Nos. 1-01-3336 and 1-01-3424 (cons), Rule 23 (1st Dist.,

Sept. 5, 2003); (PC C. 26-34). The Appellate Court rejected the arguments and affirmed

Akins' sentences and convictions. *People v. Akins*, Nos. 1-01-3336 and 1-01-3424

(cons), Rule 23 (1st Dist., Sept. 5, 2003)

Akins filed a section 2-1401 petition on September 9, 2004. In the petition, he

alleged that the trial court did not have jurisdiction to impose sentence on December 10,

1999, as more than 30 days had passed since his plea was entered on October 27, 1999,

and therefore, his sentences were void. (PC C. 45-51). Additionally, Akins contended

that trial and appellate counsel were ineffective for failing to raise this argument. (PC C.

49-51). He also requested the appointment of counsel. (PC C. 39).

On December 17, 2004, the trial court ordered the State to respond to Akins' motion and also denied his request for counsel. (PC C. 62). The State filed a Motion to Dismiss on June 28, 2005, arguing that Akins' section 2-1401 petition was barred by the statute of limitations and that the arguments raised in the petition was without merit. (PC C. 88-90). Akins filed a response on July 20, 2005, asserting that his petition was not barred by the statute of limitations because the issue in his petition was one of "plain error." (PC C. 163-166). He also contended that his sentencing argument was meritorious because it presented a question about the trial court's authority and jurisdiction. (PC C. 163-166).

On November 18, 2005, the trial court stated that based on the written pleadings, it would grant the State's Motion to Dismiss. (PC R. 20-21). As an initial matter, the trial court found that Akins' petition was barred by the two-year statute of limitations because the statute began running on August 18, 2001 and Akins did not file his petition until September 2, 2004. (PC R. 20). Further, in a written order, the court noted that when it stayed the mittimus on October 27, 1999, it also specifically stated that, "All right, stay of mittimus, and motion to vacate sentence to 11/29/99." (PC C. 211). Therefore, the trial court kept jurisdiction to address the issue of the whether the defendant could receive an increased sentence if he failed to comply with the terms of the plea agreement. (PC C. 211). As such, the trial court had jurisdiction to enter sentence on December 12, 1999, and trial and appellate counsel were not ineffective for failing to argue Akins' "30-day" position because it had no merit. (PC C. 211).

On appeal from the dismissal of his 2-1401 petition, Akins argued that his sentences were void and must be vacated because the trial court erred in sentencing him to non-agreed upon sentences for felony convictions without first considering a written

-6-

presentence investigation report as required by 730 ILCS 5/5-3-1. The Appellate Court

rejected Akins' claims and the instant petition follows. *People v. Akins*, No. 1-05-3936,

Rule 23 (1st Dist. 2007).

**ARGUMENT**

**This Court Should Grant Leave to Appeal Because Michael Akins' Sentences, Which Were Imposed by the Trial Court Without the Benefit of the Statutorily Required Presentence Investigation Report, Are Void.**

On October 27, 1999, Michael Akins signed a presentence investigation report (PSI) waiver and entered into a plea agreement in which he would serve consecutive terms of six years' imprisonment for burglary (98 CR 17258) and three and a half years' imprisonment for attempt burglary (98 CR 17259). (R. Supp. 12-14). After agreeing to stay the mittimus until November 29, 1999, the trial court informed Akins that if he did not appear on that date, the court ". . . will vacate these sentences and I will sentence you in absentia, if necessary, to the maximum sentence, which *can* be thirty years, and five years consecutive . . . " (R. Supp. 12) (Emphasis added). Akins failed to appear on November 29, 1999, and on December 10, 1999, the trial court sentenced him *in absentia* to consecutive terms of 30-years' imprisonment for the burglary conviction and 10 years' imprisonment for the attempt burglary conviction.[1] (R. 38-39). No PSI was prepared before Akins was sentenced *in absentia* and a new waiver was not obtained. A defendant may waive the preparation and consideration of a PSI, but only when "both parties agree to the imposition of a specific sentence." 730 ILCS 5/5-3-1 (West 1999). Here, although the parties, *i.e.*, Akins and the State, agreed on specific sentences at the time of the plea, the trial court did not sentence Akins pursuant to that agreement. Accordingly, because the trial court failed to abide by 730 ILCS 5/5-3-1 and Akins was not sentenced in accord with the terms of his plea agreement, this Court should grant

---

[1] The trial court reduced the sentence for attempt burglary to five years on May 2, 2001. (R. 80).

leave to appeal because Akins' sentences are void.

Presentence investigation reports are also required in cases in which the defendant is sentenced *in absentia*. *See People v. Lynch*, 122 Ill. App. 3d 121 (1st Dist. 1984). In *Lynch*, the defendant was both tried and sentenced *in absentia* for armed robbery. *Lynch*, 122 Ill. App. 3d at 121-122. At his sentencing hearing, the State indicated that no PSI was available, and that the court had not ordered one. *Id.* at 122. The State presented the court with a certified copy of the defendant's prior convictions, and the court sentenced him to 20 years' imprisonment. *Id.* On appeal, the defendant argued that he was entitled to a new sentencing hearing because the court had not considered a PSI prior to sentencing him in absentia. *Id.* The court, citing *Youngbey*, agreed, stating that the statute which provides a court with the authority to try a defendant *in absentia*, "does not provide support for the State's claim that a defendant waives his right to a presentence report when he voluntarily absents himself from trial." *Id.* at 124. The court also noted that the court in *Youngbey* found that the statute requiring a pre-sentence investigation report before sentencing a defendant for a felony conviction is a mandatory requirement, and, therefore, it applied to defendants sentenced in absentia as well. *Id.* at 123 (citing *Youngbey*, 82 Ill. 2d at 562). Thus, the court found *Youngbey* to be controlling, and remanded the case for a new sentencing hearing with a PSI. *Id.* at 124.

Waiving "in accordance with the statute" – 730 ILCS 5/5-3-1 – as described in *Youngbey* clearly requires the parties to agree to a specific sentence. This exception, and only this exception, is specifically written into the statute and is recognized in *Youngbey* to the exclusion of all others. *Youngbey*, 82 Ill. 2d at 561. Here, Akins' waiver was not effective because, while Akins and the State agreed to a specific sentence of six (98 CR

-9-

17258) and three and a half years' (98 CR 17259) imprisonment, the trial court did not impose the agreed-upon sentence, and instead, sentenced Akins to 30 and five years' imprisonment, respectively. Because the court did not sentence Akins to the agreed terms, Akins' waiver of the PSI is invalid and does not apply to any subsequent, non-agreed upon sentence imposed by the court. Moreover, the fact that Akins was sentenced *in absentia* has no bearing on the mandatory requirement that a PSI be considered by the circuit court, as 730 ILCS 5/5-3-1 applies to defendants sentenced *in absentia* as well as defendants sentenced while present. *See Lynch*, 122 Ill. App. 3d at 124.

The trial judge admonished Akins that if he did not appear on November 29, 1999, then ". . . I will vacate these sentences and I will sentence you in absentia, if necessary, to the maximum sentence, which *can* be thirty years, and five years consecutive . . . " (R. Supp. 12) (Emphasis added). The use of the word "can" indicates to Akins that the maximum sentence *could* be 30-years, thereby suggesting a possibility, and does not definitively signal that a 30-year term *will* be imposed if he fails to appear. Such a conclusion is evident for the trial court's later comment that it found that "Akins, knows and understands his rights, know and understands the *possible* penalties." (R. Supp. 12-13) (Emphasis added). Thus, the record makes clear that while Akins understood that there was the possibility that his sentence could be increased if he was sentenced *in absentia*, the record does not show that he agreed to any specific term.

Further, the trial court's admonishment does not constitute a specific agreed upon sentence by both parties, *i.e.*, the State and the defendant. The trial court is not a "party" under the plain language of 730 ILCS 5/5-3-1, and there is no indication on the record that Akins and the State agreed to any sentence other than what was discussed during the

-10-

hearing on October 27, 1999, *i.e.*, a nine-year term for burglary (98 CR 17258) and a three and a half year term for attempt burglary (98 CR 17259). Therefore, pursuant to 730 ILCS 5/5-3-1, a PSI was required before the trial court sentenced Akins *in absentia* because this is not a case "where both parties agree to the imposition of a specific sentence" which would permit for a waiver of the mandatory rule that a PSI is presented and considered by the trial court before imposing sentence.

On appeal below, the Appellate Court rejected Akins' claim that his sentences are void because they were imposed without the statutorily required presentence investigation report. 730 ILCS 5/5-3-1 (West 1999); *See People v. Arna*, 168 Ill.2d at 113. Specifically, the court found that at Akins' plea hearing, he "acknowledged that his failure to appear on the date set for him to begin serving his sentences would result in increased sentences of 30 and 5 years, that could be consecutive." Akins, No. 1-05-3936, at 10. This conclusion is rebutted by the record of proceedings which, as noted above, shows that Akins only acknowledged that his sentenced could be increased if he was sentence *in absentia*; he and the State did not enter into an agreed upon term of 30 and 5 years to run consecutively in the event that he did not appear. Accordingly, the Appellate Court's conclusion was erroneous because a sentence that "does not conform to a statutory requirement is void," and can be corrected at any time. *People v. Arna*, 168 Ill. 2d 107, 113 (1995); 730 ILCS 5/5-3-1; *see also People v. Thompson*, 209 Ill.2d 19 (2004) (where this Court found that a sentence not authorized by statue is void, not subject to waiver, and could therefore be corrected on post-conviction appeal); *People v. Wade*, 116 Ill.2d 1 (1987); *People v. Terrell*, 132 Ill.2d 178, 230 (1969) (holding that a contention that court exceeded statutory authority in sentencing is not subject to waiver).

In the instant case, Akins' sentence does not conform to the statutory

requirements, as it was imposed without the statutorily required presentence

investigation report. 730 ILCS 5/5-3-1; *People v. Youngbey*, 82 Ill. 2d 556 (1980); *See*

*People v. Arna*, 168 Ill.2d at 113. Because the trial court sentenced Akins without a PSI,

the court also exceeded its statutory authority, as the statute requires the court to order

and review a presentence investigation report prior to sentencing a defendant for a

felony, where the sentence has not been agreed upon by the parties. 730 ILCS 5/5-3-1;

*See People v. Thompson*, 209 Ill.2d 19. Akins' sentences are therefore void, because a

sentence that either does not conform to the statutory requirements or was imposed as a

result of the sentencing court's exceeding its statutory authority is void. *See Arna*, 169

Ill.2d 107; *People v. Thompson*, 209 Ill.2d 19. As a result, a reviewing court can correct

Akins' sentences at any time, despite the fact that this issue was raised on collateral

review. *See Arna*, 169 Ill.2d 107; *People v. Thompson*, 209 Ill.2d 19.

Here, the only agreed-upon sentences between the parties, *i.e.*, Akins and the

State, were that he would serve consecutive terms of six years' imprisonment for

burglary (98 CR 17258) and three and a half years' imprisonment for attempt burglary

(98 CR 17259). The trial court then circumvented this agreement and vastly increased

Akins' sentences to the non-agreed upon terms to 30 and five year terms for burglary and

attempt burglary, respectively, when it sentenced him *in absentia*. It did so without first

considering a PSI, as is required under 730 ILCS 5/5-3-1, and therefore, Akins'

sentences are void. *Accord, People v. Youngbey*, 82 Ill. 2d 556 (1980); *People v. Lynch*,

122 Ill. App. 3d 121 (1984); *People v. Childress*, 306 Ill. App. 3d 755 (4th Dist. 1999).

As such, this Court should grant this petition for leave to appeal to correct the Appellate

Court's error below in failing to recognize that Akins' sentences are void and can be

corrected on collateral review.

## CONCLUSION

Michael Akins, petitioner-appellant, respectfully requests that this Court grant

leave to appeal.

Respectfully submitted,


MICHAEL J. PELLETIER
Deputy Defender

*Carolyn R. Klarquist*

CAROLYN R. KLARQUIST
Assistant Appellate Defender
Office of the State Appellate Defender
203 North LaSalle Street - 24th Floor
Chicago, Illinois  60601
(312) 814-5472

COUNSEL FOR PETITIONER-APPELLANT

CERTIFICATE OF COMPLIANCE

I, Carolyn R. Klarquist, certify that this brief conforms to the requirements of

Supreme Court Rules 341(a) and (b) and 315(d). The length of this brief, excluding the

appendix is 13 pages.

CAROLYN R. KLARQUIST
Assistant Appellate Defender

NOTICE

*is text of this order may be changed or corrected prior to the time for filing of a Petition for rehearing or the disposition of the same.*

ULLRQUIST

SIXTH DIVISION
March 9, 2007

No. 1-05-3936

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | Nos. 98 CR 17258 |
| | ) | 98 CR 17259 |
| | ) | |
| MICHAEL AKINS, | ) | Honorable |
| | ) | Thomas M. Davy, |
| Defendant-Appellant. | ) | Judge Presiding. |

O R D E R

Defendant Michael Akins appeals from an order of the circuit court of Cook County granting the State's motion to dismiss his petition for relief pursuant to section 2-1401 of the Code of Civil Procedure. 735 ILCS 5/2-1401 (West 2004). On appeal, defendant contends for the first time that his consecutive, respective terms of 30 and 5 years' imprisonment for burglary and attempted burglary are void because the trial court did not comply with section 5-3-1 of the Unified Code of Corrections (Code) (730 ILCS 5/5-3-1 (West 2004)). He also requests that his mittimus be corrected to reflect sentencing credit for the exact number of days he spent in custody as a result of the offenses for which he was sentenced.

EXHIBIT D

1-05-3936

The record shows that defendant was charged by two separate indictments with burglary of an automobile and burglary of a garage. These charges were consolidated, and on October 27, 1999, a plea conference was held where one of the charges was amended to attempted burglary. Defendant then agreed to plead guilty to those charges in exchange for prison sentences of 6 years for burglary and 3½ years for attempted burglary.

Before entering his pleas, the trial court admonished defendant of the details and effects of the plea agreement, including that his prison sentences of 6 and 3½ years would run consecutively. Regarding defendant's request for a stay of the mittimus, the court stated:

> "THE COURT: Additionally, your lawyer has requested a stay of the mittimus before you begin serving your sentence, and I informed him I would agree to that, but understanding, [defendant], that if you fail to appear on the day you are supposed to [begin serving your sentences], I will vacate these sentences and I will sentence you in absentia, if necessary, to the maximum sentence, which can be thirty years, and five years consecutive, and you have had a chance to speak to your lawyer, and he has explained to you what will take place when you enter this plea of guilty?
>
> DEFENDANT: Yes, sir.

1-05-3936

      THE COURT: Do you have any questions at this time?

      DEFENDANT: No, sir.

      THE COURT: [Defense counsel], you had an

opportunity to speak to your client, and you feel he

understands the ramifications of his pleas of guilty at

this time?

      DEFENSE COUNSEL: Yes, your Honor. ***

      THE COURT: At this time, I find the Defendant,

Michael Akins, knows and understands his rights, knows

and understands the possible penalties.  I find he's

entering this plea knowingly and voluntarily."

  Defendant then acknowledged that by signing a PSI report

waiver, he understood that he was giving up his right to have the

probation department conduct an investigation of his background.

The court accepted defendant's pleas of guilty to both counts,

and sentenced him to an aggregate term of 9½ years' imprisonment

in accordance with the plea agreement.  The court also stayed the

mittimus until November 29, 1999, the date defendant was required

to appear in court to begin serving his sentences.

  On November 29, 1999, however, defendant failed to appear,

and the court vacated the original sentences per the plea

agreement, and reserved resentencing *in absentia* until December

10, 1999.  When defendant failed to appear on that date, the

court imposed the maximum 30-year sentence for burglary and an

1-05-3936

extended 10-year sentence for attempted burglary based on
defendant's criminal history and willful failure to surrender.

On August 18, 2000, defendant appeared in court after being
arrested in another state. On that date, the court continued the
case to allow defendant to present a motion to vacate his
sentences and withdraw his guilty pleas, and again stayed the
mittimus. On October 23, 2000, the court ordered psychiatric
evaluations to determine whether defendant had understood the
original plea agreement.

On May 2, 2001, the court conducted a hearing on defendant's
motion to vacate the extended sentences. At that hearing,
defendant sought to explain his absence from the state based on
his need to attend to ailing relatives. The State, however,
urged the court to allow the extended sentences to stand. The
court denied defendant's motion to vacate, noting that before
defendant entered his pleas, the court had admonished defendant
of the consequences of his failure to appear as scheduled, and
that defendant was aware of the potential penalties that could be
imposed. The court, however, reduced the extended sentence
imposed for attempted burglary from 10 to 5 years' imprisonment,
in accordance with the admonition actually given to defendant.
The court also ordered that this term be served consecutively to
the 30-year term imposed on the burglary count, then stayed the
mittimus and continued the case.

- 4 -

1-05-3936

On August 22, 2001, the court held a hearing on defendant's motion to withdraw his guilty pleas and reconsider his sentences. After hearing the arguments of counsel, the court denied defendant's motions, finding that he understood the plea agreement and the sentences he received.

This court affirmed that judgment on direct appeal. People v. Akins, Nos. 1-01-3336 & 1-01-3424 (cons.) (2003) (unpublished order pursuant to Supreme Court Rule 23). In doing so, we rejected defendant's claim that the trial court had no authority to resentence him to increased terms not specified in the plea agreement. To the contrary, we found that the trial court was not prohibited from resentencing defendant to increased prison terms where the record clearly showed that the court had admonished defendant of this possibility before he entered his pleas, and that he understood and agreed to this condition as part of his plea agreement. Akins, Nos. 1-01-3336 & 1-01-3424, at 10.

On September 9, 2004, defendant filed the present pro se "Petition for Relief from Judgment," pursuant to section 2-1401. In his petition, defendant alleged that because more than 30 days had passed since his plea was entered on October 27, 1999, the trial court did not have jurisdiction to sentence him on December 10, 1999, and that his sentences were void. He further alleged that trial and appellate counsel were ineffective for failing to

- 5 -

1-05-3936

properly present and preserve this issue. As relief, defendant
requested the court to vacate his sentences and resentence him to
the terms of the original plea agreement.

On June 28, 2005, the State filed a motion to dismiss
defendant's petition alleging that defendant's claims were barred
by the 2-year statute of limitations because his motion to vacate
his 30-year sentence was denied on May 2, 2001, and his section
2-1401 petition was filed on September 9, 2004. The State
further alleged that even if the petition was reviewed on the
merits, defendant failed to state a cause of action because the
court did not lose its jurisdiction 30 days after the October 27,
1999, sentencing.

On November 18, 2005, the circuit court granted the State's
motion, finding that the petition failed to set forth a
meritorious claim or defense. In its written order, the court
determined that the pendency of defendant's appeals did not toll
the time in which he had to file his petition, and his petition
was thus time-barred. The court also determined that the trial
court specifically retained jurisdiction after the original
sentence was entered to address the issue of the increased
sentences if defendant failed to comply with the terms of the
plea agreement.

In this appeal from that order, defendant has abandoned the
claims set forth in his petition and contends for the first time,

- 6 -

1-05-3936

that his sentences are void because the trial court failed to
consider a written PSI as required by section 5-3-1 of the Code
when the court sentenced him in absentia on December 10, 1999.
He maintains that a sentence which does not conform to a
statutory requirement is void; and, accordingly, that this court
should vacate his sentence and remand his cause for a new
sentencing hearing.  Defendant acknowledges that he failed to
raise this issue in his 2-1401 petition, but claims there is no
procedural bar to raising it in this court because a void
sentence may be challenged at any time.

The State responds that the trial court's failure to order a
PSI does not render defendant's sentences void but, rather,
voidable.  In addition, the State maintains that defendant has
forfeited this issue for not raising it in his motion to vacate,
on direct appeal, and in his 2-1401 petition; and further, that
his claim is barred by res judicata because it is nothing more
than a variant of his challenge to the court's authority to
impose the greater sentences, an argument that was rejected on
direct appeal.

Section 2-1401 provides a comprehensive statutory procedure
by which final orders and judgments may be challenged more than
30 days after they were entered.  People v. Pinkonsly, 207 Ill.
2d 555, 562 (2003).  Generally, a section 2-1401 petition filed
more than two years after the challenged judgment cannot be

1-05-3936

considered absent a clear showing that the person seeking relief
was under a legal disability or duress or the grounds of relief
were fraudulently concealed. Pinkonsly, 207 Ill. 2d at 562.
Where the judgment being challenged is void, however, defendant
may seek relief beyond the 2-year limitation of section 2-1401.
People v. Gosier, 205 Ill. 2d 198, 206 (2001).

Here, the record shows that defendant's motion to withdraw
his guilty plea and reconsider his sentences was denied on August
22, 2001. Defendant therefore had until August 22, 2003, to file
his section 2-1401 petition. Defendant, however, did not file
his petition until September 9, 2004, more than three years after
the trial court's ruling. Defendant offered no reason for
tolling the limitations period, and the fact that a post-judgment
motion or an appeal may be pending does not serve to toll the
period of limitation. Gosier, 205 Ill. 2d at 206. Under these
circumstances, we find that the trial court properly ruled that
defendant's section 2-1401 petition was time-barred. We also
find for the reasons to follow that defendant cannot succeed on
the merits.

In a criminal case, a section 2-1401 petition is the forum
in which to correct all errors of fact occurring in the
prosecution of a cause that were unknown to defendant and the
court that would have prevented entry of the judgment. People v.
Haynes, 192 Ill. 2d 437, 461 (2000). A section 2-1401 petition

- 8 -

1-05-3936

is not, however, designed to provide a general review of all
trial errors or to act as a substitute for a direct appeal.
Haynes, 192 Ill. 2d at 461. Furthermore, the failure to raise an
issue not included in a 2-1401 petition results in forfeiture of
that issue on appeal. Smith v. Airoom, Inc., 114 Ill. 2d 209,
229 (1986); People v. Bramlett, 347 Ill. App. 3d 468, 475 (2004).

As noted, defendant abandoned the jurisdictional argument
raised in his petition, and has raised an issue which was not
included in his petition. In order to avoid the procedural bar
attendant thereto (Smith, 114 Ill. 2d at 229; Bramlett, 347 Ill.
App. 3d at 475), defendant claims that his increased sentences
are void. Although a sentence that does not conform to a
statutory requirement is void and may be challenged at any time
(People v. Thompson, 209 Ill. 2d 19, 24, 27 (2004)), we find that
defendant's sentences are not void.

Section 5-3-1 of the Code provides that a defendant shall
not be sentenced for a felony before a written PSI report is
presented to and considered by the court, but the court need not
order a PSI where both parties agree to the imposition of a
specific sentence. 730 ILCS 5/5-3-1 (West 1998).

Here, the record shows that at the original sentencing
hearing on October 27, 1999, defendant entered into a negotiated
plea agreement where he agreed to plead guilty to the charged
offenses in exchange for consecutive imprisonment terms of 6 and

1-05-3936

3½ years. As part of this agreement, defendant acknowledged that his failure to appear on the date set for him to begin serving his sentences would result in increased sentences of 30 and 5 years, that could be consecutive. Defendant then waived his right to a PSI report, after acknowledging the result of such waiver, and the court sentenced him to the agreed-upon terms. When defendant failed to appear on the date set for him to begin serving these sentences, the court subsequently sentenced him to the increased sentences set forth in the plea agreement.

Defendant now claims that these sentences are void because the trial court did not consider a PSI report before imposing them. In doing so, he attempts to vitiate his waiver of same in the negotiated plea agreement.

On direct appeal, we found that the increased sentences were incorporated into the plea agreement agreed to by the parties, and that the trial court was not prohibited from resentencing defendant to the increased terms when he failed to fulfill his part of the plea agreement. A similar result was obtained in People v. Hayes, 159 Ill. App. 3d 1048 (1987), where the court found that the increased sentence upon defendant's failure to appear to begin serving his sentence was proper where it was an "integral part of the plea agreement" and came about by agreement of the parties. Hayes, 159 Ill. App. 3d at 1053-54.

1-05-3936

Although defendant attempts to avoid the application of *res judicata* by framing his sentencing claim as a violation of section 5-3-1 of the Code, we find it unpersuasive. We found on direct appeal that there was a sentencing agreement that included the provision for increased sentences for failing to report to court. The PSI waiver, incorporated into that agreement, was not vitiated by the passage of time caused by defendant's failure to report. Thus, we find that his sentences are not void for lack of a PSI, and the sentencing issue, at base, is barred by *res judicata*. People v. Simms, 192 Ill. 2d 348, 360 (2000) (applying to postconviction petition). This court specifically found on direct appeal that defendant agreed that as a condition of his plea agreement, he must appear in court to serve his sentences, and that a failure to do so would result in increased sentences.

Defendant further contends for the first time on appeal that under section 5-8-7 of the Code, he is entitled to 332 days[1] of sentencing credit. The State responds that because defendant failed to raise this issue in his petition, he has waived it for purposes of review. The State further contends that defendant has incorrectly computed the amount of sentencing credit for

---

[1]Defendant initially argued that he was entitled to 408 days of sentencing credit but concedes in his reply brief that his mittimus should be amended to reflect 332 days of sentencing credit.

- 11 -

1-05-3936

which he is entitled, and that the resolution of this dispute
would not involve the exercise of a purely ministerial duty.

In support his argument, defendant relies on People v.
Roberson, 212 Ill. 2d 430 (2004), where the supreme court held
that once defendant was arrested for violation of a bail bond
charge, he was "in custody" for that offense and was therefore
entitled to sentencing credit, even though he failed to raise
that issue in his petition for leave to appeal. Roberson, 212
Ill. 2d at 439-40.

The record in this case shows that defendant raised this
issue on July 2, 2001, at the hearing on his motions to withdraw
his plea and to reconsider his sentence. At that time, defendant
alleged that he was not credited with time served in custody, and
the court credited him a total of 258 days, the amount reflected
on his mittimus. Defendant now contends for the first time on
appeal that he is entitled to an additional 74 days of sentencing
credit, which the State disputes.

We note that there is currently some dispute as to whether
defendant may raise the issue of incorrect sentencing credit for
the first time on appeal from a collateral proceeding. We need
not address that issue, however, for under the circumstances
presented, we find that the orderly administration of justice
would be more expeditiously served by defendant simply filing a
motion in the proper forum, i.e., the trial court, which can then

1-05-3936

amend the mittimus in a proper manner without invoking all the procedures and involving all the parties inherent in the appeal process.   Thus, defendant is not without a remedy because the trial court retains jurisdiction over non-substantial matters "such as the amendment of the mittimus."   <u>Baker v. Department of Corrections</u>, 106 Ill. 2d 100, 106 (1985).

For the foregoing reasons, we affirm the order of the circuit court of Cook County dismissing defendant's petition.

Affirmed.

FITZGERALD SMITH, P.J., with McNULTY and O'MALLEY, JJ., concurring.



871 N.E.2d 56 (Table)                                                                              Page 1
224 Ill.2d 578, 871 N.E.2d 56 (Table), 312 Ill.Dec. 656
**(Cite as: 224 Ill.2d 578, 871 N.E.2d 56 (Table))**


People v. Akins
Ill. 2007.
(The decision of the Court is referenced in the
North Eastern Reporter in a table captioned
"Supreme Court of Illinois Dispositions of Petitions
for Leave to Appeal".)
Supreme Court of Illinois
People
v.
**Michael Akins**
**NO. 104403**

MAY TERM, 2007
May 31, 2007

Lower Court: No. 1-05-3936

Disposition: Denied.

Ill. 2007.
People v. Akins
224 Ill.2d 578, 871 N.E.2d 56 (Table), 312 Ill.Dec.
656

END OF DOCUMENT

Westlaw.

128 S.Ct. 555                                                          Page 1
128 S.Ct. 555, 169 L.Ed.2d 389, 76 USLW 3239
(Cite as: 128 S.Ct. 555, 128 S.Ct. 555 (Mem))


Akins v. Illinois
U.S.,2007

              Supreme Court of the United States
                  **Michael AKINS**, petitioner,
                             v.
                       ILLINOIS.
                     **No. 07-7000.**

                   Nov. 5, 2007.

Petition for writ of certiorari to the Appellate Court
of Illinois, First District, denied.

U.S.,2007
Akins v. Illinois
128 S.Ct. 555, 169 L.Ed.2d 389, 76 USLW 3239

END OF DOCUMENT

EXHIBIT F